**UNITED STATES of America,
Plaintiff,**

v.

**AN ARTICLE OF DRUG consisting of 275 cartons, more or less, LABELED in part: (carton) "ENTROL–C MEDICATED For use as a vitamin-mineral and electrolyte supplement, and as an aid in reducing growths of Candida albicans, Streptococci and Staphylococci in the contents of the digestive tracts of cattle of all ages. Active Ingredient— Methylrosaniline Chloride 0.33% Other ingredients: Sodium Propionate \*\*\* Directions for Use \*\*\* Naremco, Inc. Box 1572 S. S. S. Springfield, Missouri \*\*\* Net Weight: 25 pounds \*\*\*" and including as accompanying labeling for the article undetermined numbers of leaflets entitled "Entrol C Medicated Cattle Formula", Defendant.**

**Civ. No. 72–3.**

United States District Court,
S. D. California.

Feb. 1, 1973.

On Motion to Reconsider June 26, 1973.

Harry D. Steward, U. S. Atty., by John R. Neece, Asst. U. S. Atty., San Diego, Cal., Jay H. Geller, U. S. Dept. of Health, Education and Welfare, Rockville, Md., for plaintiff.

Gray, Cary, Ames & Frye, by Clyde A. Romney, San Diego, Cal., and Neale, Newman, Bradshaw & Freeman, Springfield, Mo., for defendant.

## MEMORANDUM OPINION

TURRENTINE, District Judge.

This is a civil in rem action arising under the Federal Food, Drug and Cosmetic Act, 21 U.S.C. § 301 et seq., to condemn a quantity of the article "Entrol-C Medicated."

On or about September 2, September 14 and October 15, 1971, claimant herein, Naremco, Inc., shipped an article of drug consisting of 275 cartons, more or less, labeled in part "Entrol-C Medicated", from Springfield, Missouri to Heber, California. The U. S. seized the shipment and brought this action on January 7, 1972, for condemnation on the grounds that the article, "Entrol-C Medicated" is a new animal drug for

which no application has been approved and second, that the article, "Entrol-C Medicated" is misbranded.[1]

Naremco, Inc., the manufacturer of "Entrol-C Medicated", filed a claim for the seized articles. The claimant admitted the jurisdiction of the court and the interstate shipment of the seized articles but denied all other allegations of the government's complaint.

This cause is now before the court upon the motion of the United States for summary judgment.

Rule 56 of the Federal Rules of Civil Procedure indicates summary judgment is appropriate when there exists no genuine issue of material fact. In deciding this question, the court views claimant's affidavits in their most favorable light.

The government's motion for summary judgment is directed to both grounds for condemnation. As to the government's contention that the seized article is adulterated, claimant's position is that "Entrol-C Medicated" is not a new animal drug within the meaning of 21 U.S.C. § 321(w). Accordingly, it is asserted that the drug is not subject to the application requirements of 21 U.S.C. § 360b(b), and is, therefore, not adulterated.

The resolution of this issue thus turns on whether "Entrol-C Medicated" is a new animal drug.

The United States Code, 21 U.S.C. § 321(w), states:

The term "new animal drug" means any drug intended for use for animals other than man, including any drug intended for use in animal feed but not including such animal feed,—(1) the composition of which is such that such drug is not generally recognized, among experts qualified by scientific training and experience to evaluate the safety and effectiveness of animal drugs, as safe and effective for use under the conditions prescribed, recommended, or suggested in the labeling thereof; except that such a drug not so recognized shall not be deemed to be a "new animal drug" if at any time prior to June 25, 1938, it was subject to the Food and Drug Act of June 30, 1906, as amended, and if at such time its labeling contained the same representations concerning the conditions of its use;

■ One indication that a drug is not generally recognized as safe and effective for its intended use is the absence of any published medical or scientific literature relating to the usage of the drug. United States v. An Article of Drug . . . "Mykocert," 345 F. Supp. 571 (N.D.Ill.1972); United States v. An Article of Drug . . . Xerac, Civil No. 70 C 106 (N.D.Ill., April 29,

---

1. The complete text of the government's grounds for relief are as follows: First, that the article, "Entrol-C Medicated," was adulterated when introduced into and while in interstate commerce, within the meaning of the Federal Food, Drug and Cosmetic Act (hereinafter the Act), 21 U.S.C. § 351(a)(5) in that it is a new animal drug within the meaning of 21 U.S.C. § 321(w) which is unsafe within the meaning of 21 U.S.C. § 360b(a)(1) (A) since no approval of an application filed pursuant to 21 U.S.C. § 360b(b) is in effect with respect to the use and intended use of such drug. Second, that the article, "Entrol-C Medicated," was misbranded when introduced into and while in interstate commerce, within the meaning of the Act, 21 U.S.C. § 352(a) in that its labeling, namely, the carton label and the leaflet accompanying the article, contains statements which represent and suggest that the article is adequate and effective for use in cattle of all ages, varieties and breeds for reducing the growth in the digestive tract of Candida Albicans and streptococci and staphylococci generally; to prevent stress induced deficiencies; to reduce the population of undesirable organisms generally in the digestive tract; to compensate for the deficiencies caused by intestinal inflammation and diarrhea; to restore lost body fluids of its electrolyte content; to control nutritional anemia; and to promote growth, which statements are false and misleading since the article is not adequate and effective for such purposes.

1971); United States v. Asper Sleep, Civil No. 70 C 196, (N.D.Ill., Sept. 15, 1971); United States v. 41 Cases, More or Less, 420 F.2d 1126 (5th Cir. 1970).

Another indication that a drug is not generally recognized as safe and effective for its intended usage is that those experts who are in a position to be aware of drugs within their field testify that the drug is not generally recognized. United States v. Article of Drug . . . "Mykocert," *supra*.

The government's affiants, Drs. Robert E. Pierson[2] and Stuart A. Peoples,[3] state that the composition of "Entrol-C Medicated" is not and never has been generally recognized among qualified and informed experts in the field of veterinary medicine as safe and effective for use for any of the conditions and purposes set forth in the attached labeling. The conclusion of each of those doctors is based on the absence of scientific literature regarding "Entrol-C Medicated" and the absence of scientific data or information either published or unpublished tending to establish "Entrol-C Medicated" is safe and effective for its intended uses.

The claimant's affiants, Drs. Robert L. Schubert[4] and John M. Whittaker,[5] state that the composition of "Entrol-C Medicated" has been and is generally recognized among qualified and informed experts in the field of veterinary medicine as being safe and effective for use for any of the purposes and under the conditions set forth in the label of the product "Entrol-C Medicated." The conclusion of those doctors is based on the existence of scientific data, published, and unpublished, and their personal experience, which attests to the safety and effectiveness of the active ingredient in "Entrol-C Medicated", methylrosaniline chloride.

Claimant could establish the non-newness of "Entrol-C Medicated" by showing that the drug "Entrol-C Medicated" has been the subject of scientific testing and scientific publications so that it is generally recognized by qualified experts as safe and effective for its intended use. Claimant does not choose to defend on this ground.

It is noted, however, that in answer to government's interrogatory 8, claimant states he has conducted no tests on the drug "Entrol-C Medicated."

■ Another avenue of defense is that the absence of recognition for "Entrol-C Medicated" is irrelevant given the fact that its component parts are generally recognized with the critical caveat that the combination does not create a new drug. This is the defense claimant seeks to establish. In order for this defense to succeed it must be shown that those ingredients to which claimant's affiants attest do not differ significantly from "Entrol-C Medicated." Claimant's affidavits indicate this general recognition of methylrosaniline chloride as safe and effective for its intended use. However, the affidavits of claimant do not concern themselves with the other ingredients in "Entrol-C Medicated," either individually or in combination. If a claimant seeks to establish that each component of a drug is recognized as safe and effective for its intended use, the affidavits in support of that proposition must attest to each ingredient's general recognition and that the combi-

---

2. Professor and head of the Ambulatory Section Department of Clinical Sciences, College of Veterinary Medicine, Colorado State University, Fort Collins, Colorado.

3. Professor of Comparative Pharmacology in the School of Veterinary Medicine, University of California, Davis, California.

4. In 1961, Dr. Schubert established a Veterinary Laboratory in Findlay, Ohio, where he has studied and specialized in application of newly emerging animal sciences from that date to the present.

5. From 1961 until early 1972, Dr. Whittaker was Director of Field Services for Naremco, Inc., claimant. He is presently acting as a consultant to various firms engaged in the marketing of veterinary preparations and acts as a direct consultant to and for major producers in both poultry and livestock fields.

nation does not create a new drug under 21 CFR 135.1(i)(2), which states: the newness of an animal drug may arise by reason of: "(2) the newness for its intended drug use of a combination of two or more substances, none of which is itself a new animal drug."

■ Remedial legislation such as this chapter, 21 U.S.C. § 321, is to be given a liberal construction consistent with its overriding purpose to protect the public health. United States v. Article of Drug . . . Bacto-Unidisk, 394 U.S. 784, 89 S.Ct. 1410, 22 L.Ed.2d 726 (1969), rehearing denied 395 U.S. 954, 89 S.Ct. 2013, 23 L.Ed.2d 473 (1969).

■■ The following language of 21 CFR 135.1(i)(1) dictates that each ingredient must be the subject of an affidavit indicating its general recognition for safety and effectiveness:

The newness of an anmial (sic) drug, including a new animal drug intended for use in or on animal feed, may arise by reason of: (1) The newness for its intended drug use of any substance of which the drug is comprised, in whole or in part, whether it be an active substance or a menstruum, excipient, carrier, coating, or other component.

Here, the claimant designates one ingredient as active. Claimant's affidavits attest to the safeness and effectiveness of that ingredient. Although each of the components of a drug may be generally recognized as safe and effective, a new drug is created when they are combined together in a new and different formulation. United States v. An Article of Drug . . . "Mykocert," supra; United States v. Asper Sleep, supra; United States v. An Article of Drug . . . Xerac, supra. According to both the regulations and the cases claimant's classification of ingredients as active or inactive does not affect the resolution of the question whether "Entrol-C Medicated" is a new animal drug.

■■ The claimant has the burden of controverting the affidavits submitted by the government. Fed.R.Civ.P.

56(e). The affidavits of claimant deal with only one ingredient of "Entrol-C Medicated." These affidavits fail to raise the required factual issue in that they deal with only one ingredient and not the particular combination of ingredients found in "Entrol-C Medicated," nor the other ingredients individually.

Having concluded that no genuine issue of material fact exists as to the "new drug" issue, judgment will be entered for the United States. Proof of violation of any section of the Federal Food, Drug, and Cosmetic Act is sufficient for condemnation under 21 U.S.C. § 334, United States v. Guardian Chemical Corp., 410 F.2d 157, 161 (2d Cir. 1969). For this reason, the court need not decide the misbranding issue. This memorandum opinion shall serve as findings of fact and conclusions of law as required by Rule 52 of the Federal Rules of Civil Procedure.

### JUDGMENT (UNDER RULE 56) ON MOTION TO RECONSIDER

This matter came on regularly for hearing on November 20, 1972, pursuant to the United States' motion for summary judgment and defendant's cross-motion for summary judgment. Further argument was heard on May 7, 1973, pursuant to defendant's motion to reconsider and set aside memorandum opinion granting summary judgment. The Court, having examined the pleadings and affidavits filed herein and having heard oral argument on the above dates, is satisfied that there is no genuine issue as to any material fact and that the United States is entitled to a judgment as a matter of law; therefore:

It is ordered, adjudged, and decreed that the United States' motion for summary judgment is hereby granted and that the defendant's cross-motion for summary judgment be denied. It is further ordered that the drugs, which are the subject of this action, be condemned and forfeited to the United States pursuant to 21 U.S.C. § 334 and turned over to the United States Marshal for destruction.