The UNITED STATES of America, Plaintiff-Appellee,

v.

AN ARTICLE OF DRUG . . . "ENTROL–C MEDICATED" et al., Defendant-Appellant,

Naremco, Inc., Claimant-Appellant.

No. 73–2882.

United States Court of Appeals, Ninth Circuit.

April 9, 1975.

O. J. Taylor, Taylor, Stafford & Gannaway (argued), Springfield, Mo., for defendant-appellant.

---

* The Honorable William G. East, Senior United States Judge for the District of Oregon, sitting by designation.

1. 21 U.S.C.A. § 321

(w) The term "new animal drug" means any drug intended for use for animals other than man, including any drug intended for use in animal feed but not including such animal feed,—

(1) The composition of which is such that such drug is not generally recognized, among experts qualified by scientific training and experience to evaluate the safety and effectiveness of animal drugs, as safe and effective for

Jay H. Geller, Atty., Dept. of Health, Ed. and Welfare, Office of Gen. Counsel, Food & Drug Div. (argued), Los Angeles, Cal., for plaintiff-appellee.

## OPINION

Before WALLACE and SNEED, Circuit Judges, and EAST,* District Judge.

SNEED, Circuit Judge:

Naremco, Inc. appeals from a summary judgment in favor of the Government in a condemnation proceeding which holds that a quantity of the drug "Entrol-C Medicated" constitutes a new animal drug within the meaning of 21 U.S.C.A. § 321(w)(1)[1] for which no new drug application has been filed. The quantity of the drug in question was ordered destroyed. United States v. An Article of Drug . . . "Entrol-C Medicated" . . . , 362 F.Supp. 424 (S.D.Cal.1973). We affirm.

 Under 21 U.S.C.A. § 321(w)(1) an animal drug is "new" if it is not "generally recognized" by experts as safe and effective for its intended purpose. This standard of general recognition also applies to non-animal drugs, 21 U.S.C.A. § 321(p)(1), and has been held to require "substantial evidence," dependent "in part on the expert knowledge and experience of scientists based on controlled clinical experimentation and backed by substantial support in scientific literature."[2] Such experimentation is likewise required for animal

use under the conditions prescribed, recommended, or suggested in the labeling thereof; except that such a drug not so recognized shall not be deemed to be a "new animal drug" if at any time prior to June 25, 1938, it was subject to the Food and Drug Act of June 30, 1906, as amended, and if at such time its labeling contained the same representations concerning the conditions of its use; or * *

2. Weinberger v. Bentex Pharmaceuticals, Inc., 412 U.S. 645, 652, 93 S.Ct. 2448, 37 L.Ed.2d 235 (1973). See Weinberger v. Hynson, Westcott & Dunning, Inc., 412 U.S. 609, 629–30, 93 S.Ct. 2469, 37 L.Ed.2d 207 (1973).

drugs.[3] Appellant admits that no tests have been conducted on "Entrol-C Medicated," 362 F.Supp. 424, 427, and this fact should be conclusive of its status as a new animal drug under § 321(w)(1).

Appellant however resisted the Government's motion for summary judgment and urged as a defense "the absence of recognition for 'Entrol-C Medicated' is irrelevant given the fact that its component parts are generally recognized with the critical caveat that the combination does not create a new drug." 362 F.Supp. at 427. *See also* United States v. Article of Drug . . . "Mykocert," 345 F.Supp. 571, 575 (N.D. Ill.1972). In support of its position appellant offered the affidavits of two veterinarians that purport to establish the general recognition of methylrosaniline chloride (gentian violet), a principal ingredient in "Entrol-C Medicated." The district court granted the Government's motion for summary judgment, stating that:

> the affidavits of claimant do not concern themselves with the other ingredients in "Entrol-C Medicated," either individually or in combination. If a claimant seeks to establish that each component of a drug is recognized as safe and effective for its intended use, the affidavits . . . must attest to each ingredient's general recognition and that the combination does not create a new drug under 21 CFR 135.-1(i)(2) . . . . 362 F.Supp. at 427–28.

After a motion to reconsider had been granted appellant filed further affidavits purporting to establish the general recognition of the other ingredients of "Entrol-C Medicated"—sodium propionate (a preservative) and various vitamins and minerals. The district court again entered summary judgment in favor of the Government. This was the proper course. The additional affidavits raised no issue of material fact concerning the question whether the *combination* of ingredients in "Entrol-C Medicated" is a new animal drug.

■ The defense which appellant has asserted in an attempt to cure the lack of general recognition of "Entrol-C Medicated" is largely illusory. A successful defense requires that there be general recognition for the component parts of that drug *with the critical caveat that the combination does not create a new drug.* In order to meet the italicized portion of this test one must show that the *combination* does not create a new drug. To achieve this it must be shown that the combination is generally recognized. One comes full circle. This "defense" does not excuse a lack of general recognition, it merely allows some flexibility in the method of demonstrating it.

Thus the defense is satisfied by a showing that the drug in question "in its exact form, dosage, and application" is recognized, the only difference from an "old" drug being in the name.[4] *Mykocert, supra,* 345 F.Supp. at 575. No such contention has been made here.

■ The defense is also satisfied by a showing that the particular *combination* of generally recognized components is not greater or newer than its parts.[5] *Mykocert, supra,* 345 F.Supp. at 576. And, if this test is to be compatible with the words of the statute and the thrust of the *Weinberger* cases, *supra,* there must be general recognition that such a *combination,* although not in the "exact form, dosage or application" of the heretofore recognized drug or drugs, will yield a result no different in terms of safety or effectiveness than that of the recognized drug or drugs. Merely showing that there is general recognition for

---

3. United States v. 14 Cases . . . "Naremco Medi-Matic," 374 F.Supp. 922 (W.D.Mo. 1974); United States v. Articles of Food & Drug, Coli-Trol 80 Medicated, 372 F.Supp. 915 (N.D.Ga.1974), appeal pending (5th Cir. No. 74–2059).

4. *We express no opinion whether such a change in name might conflict with the drug labeling laws*

5. The district court applied this test and required a showing "that those ingredients to which claimant's affiants attest do not differ significantly from 'Entrol-C Medicated.'" 362 F.Supp. at 427.

each component part is insufficient.[6] The affidavits submitted by appellant raise no issue concerning general recognition accorded to the end product of this combination of component parts.[7] The lack of testing establishes that the combination is a new animal drug. Because of the failure of appellant's affiants to controvert this fact, the judgment is

Affirmed.

---

**6.** "The ultimate question is the general recognition of the end product, regardless of its source or subjective classification." Coli-Trol 80 Medicated, *supra*, at 921 n. 11.

**7.** Appellant contends that this is not a "combination" drug case because the ingredients combined with gentian violet are inert rather than active. This does not prevent a finding of newness and a drug's new composition may be based on "an active substance or a menstruum, excipient, carrier, coating, or other component." 21 CFR § 135.1(i)(1). The key question remains whether there is general recognition of the end product.